### CRAWFORD v. RAMEY. (No. 2221.)

Court of Civil Appeals of Texas. El Paso.
Jan. 31, 1929.

Rehearing Denied Feb. 14, 1929.

748

W. S. Berkshire and Jones, Goldstein, Hardie & Grambling, all of El Paso, for appellant.

C. W. Croom and Paul D. Thomas, both of El Paso, for appellee.

PELPHREY, C. J. This suit was filed by R. A. Ramey, doing business as Ramey Bros., against A. J. Crawford, for a balance of $3,719.60, alleged to be due on a contract in connection with the construction of a hotel building known as the Crawford Hotel at Big Spring, Tex.

Ramey, in his first amended original petition, alleges that he agreed to build the building for the sum of $150,207.94; that he fully performed his contract; and that Crawford has paid to him $146,488.34, leaving a balance due of $3,719.60.

Crawford, in his answer and cross-action, alleges that Ramey failed to construct said building according to the plans and specifications, and that $10,730 was the reasonable cost of completing the work which Ramey had failed to do.

Crawford further alleged that Ramey had agreed to complete the first five stories of the building by September 15, 1927; that the time was later extended by agreement to October 1, 1927, and prays for judgment for $3,000 as liquidated damages for failing to complete the building by the date agreed on.

Ramey in his first supplemental petition and answer to the cross-action denied that the defects in the building were caused by any failure on his part, and alleges that, if there were any defects, they were caused by climatic conditions for which he was not responsible.

The cause was tried to a jury and submitted on the following three special issues:

"Question No. 1: Do you find from a preponderance of the evidence that the plaintiff fully performed his part of the contract between himself and the defendant for the building of the hotel described in the petition?

"If you answer yes to the above question, you need not answer Questions 2 and 3; but if you answer the first question No, then answer Questions 2 and 3.

"Question No. 2: Do you find from a preponderance of the evidence that the plaintiff substantially performed his part of the contract above referred to?

"To constitute substantial compliance, the contractor must have in good faith intended to comply with the contract, and shall have substantially done so in the sense that the defects that existed are not revasive, do not constitute a deviation from the general plan contemplated for the work, and are not so essential that the object of the parties in making the contract, and its purpose, cannot without difficulty, be accomplished by remedying them. Such performance permits only such omissions and deviations from the contract as are inadvertent and unintentional, are not due in bad faith, do not impair the structure as a whole, and are remediable without doing material damage to other parts of the building in tearing down and reconstructing it."

"Question No. 3: What sum do you find would have placed the building described in the condition called for by the contract?"

The jury answered question No. 1 in the negative, question No. 2 in the affirmative, and question No. 3, $1,000.

The trial court thereupon rendered judgment in favor of Ramey for the sum of $2,719.60, and Crawford has appealed.

Opinion.

Appellant requested the submission of the following issue:

"Do you find from a preponderance of the evidence that plaintiff and defendant agreed on or about the ——— day of July, 1927, that the time for the completion of the original five floors of the Crawford Hotel at Big Spring, Texas, should be extended for a period of two weeks on account of the delay, that would be occasioned by the addition of the sixth and seventh floors to said building so that the contract time for the completion of said building would be October 1st, 1927, instead of September 15th, 1927, as originally provided under the terms of the original contract entered into between said parties."

This request was refused, and the court's action thereon is made the basis of one of appellant's assignments of error.

Article 2190, Revised Statutes 1925, reads:

"When the court submits a case upon special issues, he shall submit all the issues made by the pleading. Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission has been requested in writing by the party complaining of the judgment. Upon appeal or writ of error, an issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment if there is evidence to sustain such finding. A claim that the testimony was insufficient to warrant the submission of an issue may be complained of for the first time after verdict."

Under the above statute, if the issue requested was made by the pleadings and there was any conflict in the evidence thereon, then the court committed error in his action.

The issue requested is confusing as to whether the word "building," as used in the expression, "so that the contract time for the completion of said *building* would be October 1st, 1927, instead of September 15th, 1927, as originally provided under the terms of the original contract entered into between said parties," refers to only the five stories originally contracted for or includes the additional two stories.

Under either view of the matter, however, we think the court was correct in refusing it.

In appellant's answer and cross-action he pleads:

"Defendant Crawford further alleges that at the time of the supplemental agreement for the placing of the two additional stories in addition to said original five stories, it was further specifically agreed by and between the said Crawford and the said Ramey that the time limit for the completion of said building should be extended to October 1st, 1927, on account of said two additional stories and that in all other respects said original contract should remain in full force and effect."

It will be seen from the above that Crawford's claim, from his pleading, is that the entire building (seven stories) was to be completed by October 1st, and, if we concede that meaning to the issue requested, and there be evidence to support the allegation, then the issue should have been submitted.

We find from an examination of Crawford's testimony, however, that he in it claims that the extension of time to October 1st related only to the first five stories.

His testimony on that point reads:

"He was to complete the hundred rooms for my use and occupancy by October 1st, that is, the five stories. I never at any time agreed with Mr. Ramey that I would give him a longer time than October 1st in which to complete that original five-story building."

We are therefore confronted with the situation that, if we give the issue one construction, it is supported by the pleading and not by the evidence, and, if we give it the other

construction, it is supported by the evidence but not by the pleading; consequently there is in the record nothing upon which the submitting of the issue can be predicated, and the assignments of error to the court's action in refusing it are overruled.

In view of our holding on the question above, it becomes unnecessary for us to discuss the other issues requested.

■ Appellant's third assignment complains of the court's action in allowing plaintiff Ramey to testify that Crawford had offered to pay one-half of the amount for which plaintiff was suing, on the ground that the offer of Crawford to pay half was in the nature of a compromise, and therefore inadmissible.

The law favors the settlement of controversies out of court, and a person is permitted to "buy his peace," or endeavor to do so, without danger of being prejudiced by any offer he makes, should his effort fail. And it is well established that it is not permissible to show that one party to the litigation has offered to compromise. 22 C. J. p. 308.

■ That a better understanding of the question may be had we will here set out the bill of exceptions on the point:

"Be it remembered that upon the trial of the above entitled and numbered cause while R. A. Ramey plaintiff, was testifying on direct examination and after he had been asked the following question by his attorney, Mr. Thomas, to-wit:

"Q. Has any part of this $3,719.60 been paid before or since you filed this suit? A. No.

"Q. Is it past due? A. Yes.

"Q. You demanded payment? A. Yes.

"He was asked the following questions by his attorney, Mr. Thomas:

"Q. And Mr. Crawford refused to pay it? A. Yes, he offered to pay half of it?"

To which the following objections were made by Mr. Grambling, attorney for defendant, Crawford:

"We object to his offer to pay half because they made certain offers themselves in connection with this matter. It is in the nature of a compromise. We object and move that it be stricken out, any offer he might have made would be a compromise."

Thereupon the court overruled the objection made by the attorney for the defendant, to which action on the part of the court the attorney for the defendant excepted.

Appellant argues that the answer itself shows that it was made in way of compromise, and that, under the facts of this case, it was highly prejudicial to the rights of the defendant.

We are unable to agree with appellant that the answer shows an effort on the part of defendant to "buy his peace." That might have been the condition under which the offer was made, and, if true, it would have been an easy matter to establish, either by cross-ex-

750

amination of Mr. Ramey or by examination of Mr. Crawford. As the question is left before us, we are unable to say with that degree of certainty that a court should feel, before setting aside the judgment of another court, that the offer to pay half of Ramey's claim by Crawford was made in an effort to "buy his peace." There being no showing as to the conditions under which the offer was made, we must overrule the assignment.

We have considered all the questions presented, and find no reason for disturbing the judgment of the trial court.

The judgment is affirmed.